Citation Nr: 1702603 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-04 727 ) DATE
 )
 )
On appeal from the decision of the 
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to a higher evaluation for left knee chondromalacia with instability, currently rated as 20-percent disabling.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to June 22, 2011.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran-Appellant


ATTORNEY FOR THE BOARD

T. Wishard, Counsel


INTRODUCTION

The Veteran served on active duty from November 1967 to November 1969.

This appeal to the Board of Veterans' Appeals (Board/BVA) is from a May 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran had a videoconference hearing before the Board in November 2012, and in November 2013 the Board remanded the claims to the RO for further development and consideration. The additional development especially included having the Veteran undergo a VA compensation examination reassessing the severity of his service-connected left knee disability, particularly the chondromalacia with instability component, also for comment on the functional impact of his service-connected disabilities, in combination, to assist in determining whether he was entitled to a TDIU. As well, he needed to be provided Veterans Claims Assistance Act (VCAA) notice concerning this derivative TDIU claim and an official claim application (VA Form 21-8940), aside from obtaining all outstanding and potentially relevant treatment records - including from the VA San Antonio Healthcare System (and/or other appropriate medical facility).

A January 2016 rating decision since issued, on remand, granted a TDIU effective June 22, 2011. And it is apparently because of that decision that the Veteran has elected to withdrawn this appeal, to the extent there are claims still at issue.


FINDING OF FACT

On June 17, 2016, prior to the promulgation of a decision in this appeal, the Board received notification from the Veteran-appellant that he is withdrawing these remaining claims.


CONCLUSION OF LAW

The criteria are met for withdrawal of this appeal. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2014). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2016). Withdrawal may be by the appellant or his or her authorized representative. 38 C.F.R. § 20.204. 

In this present case, the appellant submitted correspondence in June 2016 in which he stated that he was withdrawing the pending appeal for an increased evaluation for his left knee disability (in particular, the rating regarding the chondromalacia and instability component) and that he was satisfied with his current TDIU. Hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review this appeal and it is dismissed.


ORDER

The claims for a higher evaluation for the left knee chondromalacia with instability, currently rated as 20-percent disabling, and for a TDIU prior to June 22, 2011, are dismissed since withdrawn.



 
KEITH W. ALLEN
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs